UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| YUSUF HOTEP-EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:20-cv-00390-JPH-DLP |
| | ) |
| ROBERT CARTER, | ) |
| BRIAN SMITH, | ) |
| T. PHEGLEY, | ) |
| HARTZELL, | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING COMPLAINT
AND PROVIDING PLAINTIFF AN OPPORTUNITY TO AMEND**

The plaintiff, Yusuf Hotep-el, is currently an inmate at Putnamville Correctional Facility. Because Mr. Hotep-el is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Hotep-el

1

are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

Mr. Hotep-el names the following defendants in his complaint: (1) Robert Carter, Jr., Commissioner of the Indiana Department of Correction; (2) Brian Smith, Warden; (3) T. Phegley, Deputy Warden; and (4) Hartzell, Deputy Warden. Dkt. 1. Mr. Hotep-el alleges that on July 17, 2018, he signed a contract with the "State of Indiana/Indiana Department of Correction/United States Department of Labor" to participate in a horticulture or landscaping program that consisted of 2000 work hours and upon completion, a time reduction of 183 days. *Id.* at 3. He alleges Ms. Capps, whom he did not name in this complaint, shredded the contract, stripped him of his work hours, and informed him of the "corporation's" breach of contract. *Id.*

Mr. Hotep-el alleges that the named defendants are "bound by the contract in which was entered into" and for any changes to be made to it, all parties must be informed. *Id.* He claims that he was led to believe the program was in full effect through his "labor for the lowest slavery fees." *Id.* He claims he has been kidnapped and confined and is being held in involuntary servitude and demands full wages of $20.00 per hour in the program. *Id.* He states that he has filed grievances, but the facility has not responded to his grievances in a timely manner. *Id.* at 3-4. Mr. Hotep-el seeks compensatory and punitive damages. *Id.* at 5.

## III. Discussion of Claims

Mr. Hotep-el identifies as a Moorish American National. Similar to this complaint, he has previously raised claims that appear to relate to his imprisonment after being convicted of a crime in state court. *See, e.g.*, No. 1:20-cv-01567-RLY-TAB (action raising claims of kidnapping and other claims related to his imprisonment dismissed on June 5, 2020). The Court has previously

informed Mr. Hotep-el that should he wish to challenge his conviction, he may do so by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. To the extent that Mr. Hotep-el is asserting that he is a sovereign citizen not subject to the prison's authority, the Seventh Circuit has "repeatedly rejected" theories of individual sovereignty and has instructed that such theories should be rejected summarily, however they are presented. *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (citing cases, including *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing defendant's proposed "sovereign citizen" defense as having "no conceivable validity in American law")). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts." *Id.*

To the extent that Mr. Hotep-el alleges that he was wrongfully terminated from his job or program at the prison, this is not a violation of any federal right. In order to invoke the protections of the due process clause, a litigant must first establish the existence of a liberty or property interest. Unfortunately, for the plaintiff the termination of his employment fails to state a cognizable due process claim. The Seventh Circuit has clearly indicated that a prisoner has no property or liberty interest in prison employment. *Wallace v. Robinson*, 940 F.2d 243, 248 (7th Cir. 1991) (en banc) (prisoner has no constitutional right to particular job assignment); *Sinn v. PEN Prod.*, No. 1:05-CV-1351-LJM-WTL, 2006 WL 8459866, at *3 (S.D. Ind. June 6, 2006) (citing *Garza v. Miller*, 688 F.2d 480, 485 (7th Cir. 1982) "[T]here is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment." *Id.* at 486. This is true even when the employment opportunity could lead to earning good time credits. *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) ("participation in a rehabilitative program is a privilege that the Due Process Clause

does not guarantee"); *Goodwin v. Lockett*, No. 2:10-CV-251-LJM-DML, 2011 WL 13210260, at *2 (S.D. Ind. Jan. 14, 2011) ("that a particular prisoner is ineligible to participate in certain programs does not implicate a protected liberty interest, even though participation in those programs would have provided him with an opportunity to earn good time credits at a higher rate.") (citing *Higgason v. Farley*, 83 F.3d 807, 809-10 (7th Cir. 1996)).

A protectable interest may be created either by the Constitution itself or statutes or regulations containing binding directives that limit the enforcer's discretion. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 463 (1989); *Hewitt v. Helms*, 459 U.S. 460 (1983). However, a prison regulation standing alone does not create a protectable interest. *Mathews v. Fairman*, 779 F.2d 409, 414 (7th Cir. 1985). The complaint does not identify any provision of the Indiana Code or its implementing regulations that bestow a liberty interest in a prisoner retaining a specific prison job. The Seventh Circuit previously held that "the Indiana Code lacks the requisite mandatory language or sufficient substantive predicates that limit official discretion to invoke constitutional due process protection in obtaining or retaining a specific job." *Holsey v. Zonyk*, No. 90-3072, 1991 WL 229970, at * 2 (7th Cir. Nov. 8, 1991).

Mr. Hotep-el's allegations that the defendants failed to respond to his grievances regarding his claims do not establish a violation of a federal right. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Moreover, because Mr. Hotep-el has not alleged any viable federal constitutional claims, nothing in the way in which the grievances were mishandled can be bridged to an independent federal claim.

Assuming that Mr. Hotep-el had and was a party to a contract and intends to pursue a breach of contract claim, contract law is a creature of state law. Mr. Hotep-el has not shown that diversity jurisdiction exists under 28 U.S.C. § 1332. Further, he has not alleged a federal claim, thus, the Court will relinquish supplemental jurisdiction over a state law breach of contract claim. *See* 28 U.S.C. § 1367; *O'Grady v. Village of Libertyville*, 304 F.3d 719, 725 (7th Cir. 2002) (affirming the district court's discretionary decision not to exercise supplemental jurisdiction over state law claim after it had disposed of federal issues).

Because the Court has been unable to identify a viable federal claim for relief against any particular defendant, the complaint is **dismissed for failure to state a claim upon which relief may be granted**.

### IV. Opportunity to Amend

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. The plaintiff shall have through **February 8, 2021, to file an amended complaint** that resolves the deficiencies discussed above. The amended complaint replaces the original complaint. Accordingly, it must state all facts against all defendants and include a demand for the relief sought. The amended complaint must have the words "Amended Complaint" on the front page and include the case number associated with this action, No. 2:20-cv-00390-JPH-DLP. Failure to amend his complaint will result in the dismissal of this action without further notice.

**SO ORDERED.**

Date: 1/19/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

YUSUF HOTEP-EL
531082
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135